IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 8:11-816-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Allen Dashun Sheppard, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Allen Dashun Sheppard's ("Sheppard") pro se letter to the probation office, which the court construes as a motion to vacate or correct his sentence under 28 U.S.C. § 2255 (Mot., ECF No. 230.) In his letter, Sheppard argues that he was improperly sentenced as a career offender under the United States Sentencing Guidelines.

Sheppard has previously filed a § 2255 motion that the court dismissed on the merits. (Jan. 21, 2015 Order, ECF No. 151; Mar. 28, 2014 Order, ECF No. 207.[1]) "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive [28 U.S.C. § 2255 motion], while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003), *abrogated in part on other grounds by*, United States v. McRae, 793 F.3d 392 (4th Cir. 2015). Sheppard's motion attacks the validity of his conviction and sentence. (Mot., generally, ECF No. 230.) Therefore, the court construes Sheppard's

---

[1] The Fourth Circuit granted authorization for Sheppard to file a second or successive § 2255 motion. In re Sheppard, No. 16-237 (4th Cir. Jun. 23, 2016).

1

instant motion as one to vacate, set aside, or correct his sentence pursuant to § 2255.[2]

Further, "a prisoner seeking to file a successive [§ 2255 motion] in the district court must first obtain authorization from the appropriate court of appeals." Winestock, 340 F.3d at 205 (citation omitted); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Otherwise, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider [a successive § 2255 motion] containing abusive or repetitive claims." Winestock, 340 F.3d at 205 (citation omitted). Because Sheppard has previously filed a § 2255 motion that was adjudicated on the merits, the instant motion is successive. (Jan. 21, 2015 Order, ECF No. 151.) As Sheppard has failed to obtain pre-filing authorization, the court lacks jurisdiction over this successive § 2255 motion, and Sheppard's motion is dismissed. See Winestock, 340 F.3d at 205.

---

[2] Because this is a successive motion pursuant to § 2255, this case is not controlled by Castro v. United States, 540 U.S. 375, 383-84 (2003).

It is therefore

**ORDERED** that Sheppard's motion, docket number 230, is construed as a § 2255 motion and summarily dismissed as a second or successive § 2255 motion. It is further

**ORDERED** that a certificate of appealability is denied because Sheppard has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                s/Henry M. Herlong, Jr.
                Senior United States District Judge

Greenville, South Carolina
July 24, 2020

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.