IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 8:11-816-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Allen Dashun Sheppard, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Allen Sheppard's ("Sheppard") motions for a sentence reduction under 18 U.S.C. § 3582(c)(2)[1] based on Amendment 798[2] of the United States Sentencing Guidelines. U.S.S.G. Supp. to App. C, amend. 798, effective Aug. 1, 2016. 18 U.S.C. § 3582(c)(2) provides the court may modify the term of imprisonment imposed

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"Amendment 798 amended the definition of crime of violence at USSG § 4B1.2(a), removing 'burglary' from the enumerated offenses clause and removing the residual clause." Williams v.

---

[1] On August 10, 2020, the court construed a motion filed by Sheppard (ECF No. 235), as a motion for reconsideration of the court's July 24, 2020 order denying his 28 U.S.C. § 2255 motion. Sheppard filed another motion on August 26, 2020, stating that he was not moving to reconsider, but was instead seeking relief under 18 U.S.C. § 3582(c)(2). Therefore, the court vacates the order denying the motion for reconsideration and will consider both of Sheppard's filings (ECF Nos. 235 and 239) as motions for a sentence reduction under 18 U.S.C. § 3582(c)(2).

[2] Sheppard erroneously references Amendment 797 in his motions. However, the substance of his motion clearly invokes Amendment 798.

United States, No. 5:14-CR-17-1H, 2019 WL 267908, at *4 (E.D.N.C. Jan. 18, 2019) (unpublished).  Sheppard argues that he is no longer a career offender because Amendment 798 removed "burglary of a dwelling" as an enumerated offense from U.S.S.G. § 4B1.2(a)(2).  Amendment 798 was not made retroactive.  See U.S.S.G. § 1B1.10(d) (listing retroactive amendments pursuant to 18 U.S.C. § 3582(c)(2)); U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").  Therefore, Sheppard's motion for a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 798 is not "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, Sheppard's argument that he is entitled to relief under Amendment 798 is without merit.

It is therefore,

**ORDERED** that August 10, 2020 order denying the motion for reconsideration is vacated.  It is further

**ORDERED** that Sheppard's motions to reduce sentence, docket number 235 and 239, are denied for the reasons stated herein.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

September 1, 2020
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.